```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

HORACE RICHARDS,                :
                                :
     Petitioner,                :
                                :
v.                              :    Case No. 3:16cv1089(RNC)
                                :
UNITED STATES OF AMERICA,       :
                                :
     Respondent.                :
```

ORDER

At petitioner's sentencing, the Court applied a career offender enhancement pursuant to the then-mandatory Guidelines, U.S.S.G. § 4B1.1 (2000), after finding that petitioner's prior conviction for second degree assault in violation of Conn. Gen. Stat. § 53-60 qualified as a "crime of violence" under U.S.S.G. § 4B1.2(a).  Petitioner seeks relief from his sentence pursuant to Johnson v. United States, 135 S. Ct. 2251 (2015), which invalidated the "residual clause" of the Armed Career Criminal Act.  See 18 U.S.C. § 924(e)(B)(ii).  The parties agree that petitioner may have received the enhancement pursuant to the similarly-worded residual clause of U.S.S.G. § 4B1.2(a)(2) in effect at the time.  They disagree about whether petitioner can rely on Johnson and, if so, whether his conviction for second degree assault qualifies as a "violent felony" under the Guidelines pursuant to either the "elements" clause of U.S.S.G. § 4B1.2(a)(1) or Application Note 1 to U.S.S.G. § 4B1.2, which defines "crime of violence" to include "aggravated assault."  The parties are requested to submit supplemental briefs addressing

the points set forth below.

The Government argues that the reasoning in Johnson does not apply to the residual clause in the Guidelines. The Supreme Court has held that Johnson's reasoning does not apply to sentences imposed under the advisory Guidelines. See Beckles v. United States, 137 S. Ct. 886 (2017). Beckles leaves open whether Johnson's reasoning applies to sentences, like petitioner's, imposed before United States v. Booker, 543 U.S. 220 (2005), when the guidelines were mandatory. See Beckles, 137 S. Ct. at 903 n.4 (2017) (Sotomayor, J., concurring). Accordingly, the parties should address whether, post-Beckles, petitioner may maintain a Johnson-based challenge.

Assuming petitioner can maintain a Johnson-based challenge, the parties agree that, because the Government has not produced records admissible under Shepard v. United States, 544 U.S. 13 (2005), it is necessary to apply the categorical approach to determine whether the alternative means of violating Conn. Gen. Stat § 53-60 qualify under the "elements" clause of U.S.S.G. § 4B1.2(a) or constitute "aggravated assault" under Application Note 1. The Government suggests that most of the alternative means qualify under the elements clause and that all the alternative means constitute "aggravated assault."[1]  Petitioner

---

[1] Numerous cases address similar issues. See, e.g., Williams v. United States, No. 15-2674, 2017 WL 4857449 (2d Cir. Oct. 26, 2017); Brunstorff v. United States, No. 3:16-CV-912 (MPS), 2017 WL 5906611 (D. Conn. Nov. 30, 2017); Rainey v. United States, No. 14-CR-197 (JMF), 2017 WL 507294 (S.D.N.Y. Feb. 7,

has not responded to the Government's suggestion that he committed an aggravated assault covered by Application Note 1. Accordingly, the parties should address which of § 53-60's alternative means qualify (or do not qualify) under the elements clause and which constitute (or do not constitute) aggravated assault under the Application Note.

Last, petitioner suggests in his reply brief that his prior controlled substances offense cannot serve as a proper predicate offense under the Guidelines.  The Government has not had an opportunity to respond to this argument and should do so in its supplemental brief.

The Government will submit its supplemental brief on or before March 7, 2018.  Petitioner will submit his supplemental brief on or before March 14, 2018.

So ordered this 21st day of February 2018.

                                      /s/
                                Robert N. Chatigny
                                     U.S.D.J.

---

2017); Wiggan v. United States, No. 3:15-CV-447 (SRU), 2016 WL 4179838 (D. Conn. Aug. 5, 2016); Villanueva v. United States, 191 F. Supp. 3d 178 (D. Conn. 2016); United States v. Verwiebe, 874 F.3d 258 (6th Cir. 2017); United States v. McFalls, 592 F.3d 707 (6th Cir. 2010); United States v. Esparza-Herrera, 557 F.3d 1019 (9th Cir. 2009); United States v. Mungia-Portillo, 484 F.3d 813 (5th Cir. 2007); United States v. Torres-Diaz, 438 F.3d 529 (5th Cir. 2006); United States v. Hill, 832 F.3d 135 (2d Cir. 2016); Chrzanoski v. Ashcroft, 327 F.3d 188 (2d Cir. 2003).